**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 12, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2022AP1329**

**STATE OF WISCONSIN**

Cir. Ct. No.  2021TP102

**IN COURT OF APPEALS
DISTRICT I**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO B.W., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

　　PETITIONER-RESPONDENT,

　　V.

B.W.,

　　RESPONDENT-APPELLANT.

　　　　APPEAL from an order of the circuit court for Milwaukee County: ELLEN R. BROSTROM, Judge. *Affirmed.*

¶1    DONALD, P.J.[1]  B.W. appeals an order of the circuit court terminating his parental rights to his son, Bob.[2]  On appeal, B.W. contends that he is entitled to plea withdrawal because the circuit court failed to ensure that he understood the correct standard the court would rely on at the dispositional hearing.  In addition, B.W. contends that he is entitled to a new dispositional hearing because the circuit court erroneously exercised its discretion in finding that the termination of B.W.'s parental rights was in Bob's best interests.  For the reasons discussed below, I affirm.

## BACKGROUND

¶2    On May 14, 2021, the State filed a petition to terminate B.W.'s parental rights to Bob.  The petition alleged that Bob was a child in continuing need of protection or services (continuing CHIPS), and that B.W. had failed to assume parental responsibility.

¶3    Relevant to this appeal, on June 28, 2021, the circuit court held an adjourned initial appearance on the petition.  During the hearing, the circuit court explained B.W.'s rights during the grounds phase and his rights during the dispositional phase.  In particular, with regard to the dispositional phase, the court advised B.W. that:

> So assuming for purposes of this explanation that it is found there is a legal reason or a ground to terminate your parental rights, as I said, then we would move to the second half, where the court would have to decide whether

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] B.W. and his son share the same initials.  I use the pseudonym "Bob" to refer to B.W.'s son for ease of reading.

that's actually in [Bob's] best interest. Again, you could have a trial about that if you disagree.

Now, there's no right to a jury trial in the second half. It's always just a trial to the judge, but all those same trial rights would rise up again. So it's the State that would have to prove by clear, convincing, and satisfactory evidence that it's in [Bob's] best interest that the court terminate your parental rights.

¶4 On March 2, 2022, B.W. entered a no contest plea to the continuing CHIPS ground. During the hearing, the following exchange took place:

THE COURT: Now, you understand that nobody can force you to plead no contest to the grounds phase in this case, right?

B.W.: Yes, ma'am.

THE COURT: You have an absolute [sic] to a trial. It could be a jury trial which we have set next week, or it could be a trial just to the Judge. Do you understand that?

B.W.: Yes, ma'am.

THE COURT: If you go forward with the jury trial, it's a 12-person jury. And 10 out of 12 have to agree in order to reach a decision. Does that make sense?

B.W.: Yes, ma'am.

THE COURT: But either way, it's the State's burden to prove by clear, convincing, and satisfactory evidence to a reasonable certainty that the grounds exist. And the State would try to do that by calling witnesses to the stand. They would testify under oath. You would have a right to cross-examine them, and the right to introduce your own evidence. The right to use subpoenas to require witnesses to come to court and testify for you. Also the right to testify yourself or remain silent knowing silence can be used against you. Do you understand that by pleading no contest you're giving up all those trial rights to the first half of the case?

B.W.: Yes, ma'am.

THE COURT: Now, that does not mean you're giving up your trial rights to the second half of the case. And that's what we call disposition. And at that hearing, the [c]ourt

3

would have to decide if it's in the child's best interest to actually terminate your parental rights. Does that make sense?

B.W.: Yes, ma'am.

THE COURT: And at all those same trial rights then you would have again [sic] in that second half, it's just a trial to the Judge in that second half. Does that match your understanding?

B.W.: Yes.

¶5     After explaining the specific elements of the continuing CHIPS ground, the circuit court then stated:

THE COURT: Now, assuming I accept your no contest plea as knowing, intelligent, and voluntary, I will then take some brief testimony to make sure there's a[] factual basis for it. And then by statute I will be required to find you unfit as a parent as to [Bob]. Do you understand I'll have to make that finding?

B.W.: Yes.

THE COURT: However, if I do not terminate your parental rights, if I do not find that to be in [Bob's] best interest, the termination of parental rights petition will be dismissed, and that unfitness finding will be reversed or vacated, okay?

B.W.: Yes, ma'am.

THE COURT: Now, at that second half of the case, the disposition, I basically have two choices. Either I find it's in [Bob's] best interest to terminate your parental rights, and I do so. Or I do not find that, and I dismiss the TPR petition. Does that make sense?

B.W.: Yes, ma'am.

¶6     At the dispositional hearing, testimony was presented from D.D., the proposed adoptive resource who shares a child with B.W. D.D. testified that Bob had been living with her for a little over two years and she planned to adopt Bob if the court ordered termination of B.W.'s parental rights. She further stated that if

4

B.W.'s rights were terminated, she expected Bob to continue to have contact with B.W. Testimony was also presented from two cases managers, a program manager for supervised visitation, one of B.W.'s family members, and B.W.

¶7 On April 13, 2022, after the completion of evidence and argument, the court found that it was in Bob's best interests to terminate B.W.'s parental rights.

¶8 B.W. filed a post-disposition motion to withdraw his no contest plea. B.W. alleged that his plea was not knowing, intelligent, and voluntary because the circuit court improperly explained the statutory standard it would apply at the dispositional hearing.

¶9 At a hearing on January 18, 2023, the circuit court denied B.W.'s motion without an evidentiary hearing.[3] The court found that B.W. failed to make a prima facie case that there was a defect in the plea colloquy. This appeal follows. Additional relevant facts will be discussed below.

## DISCUSSION

¶10 On appeal, B.W. contends that he is entitled to plea withdrawal because the circuit court failed to ensure that he understood the correct standard the court would rely on at the dispositional hearing. In addition, B.W. contends that he is entitled to a new dispositional hearing because the circuit court erroneously exercised its discretion in finding that the termination of B.W.'s parental rights was in Bob's best interests. I address each issue in turn.

---

[3] The Honorable Ellen R. Brostrom presided over B.W.'s plea and the dispositional hearing. The Honorable Joseph R. Wall presided over the post-disposition motion hearing.

## I.    Plea Withdrawal

¶11    When a parent alleges that a plea was not knowingly, intelligently, and voluntarily entered, we use the analysis set forth in *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986). *See Oneida Cnty. DSS v. Therese S.*, 2008 WI App 159, ¶6, 314 Wis. 2d 493, 762 N.W.2d 122. Under *Bangert*, a post-disposition motion "must make a prima facie showing that the circuit court violated its mandatory duties and must allege the parent did not know or understand the information that should have been provided at the hearing." *Therese S.*, 314 Wis. 2d 493, ¶6; *State v. Brown*, 2006 WI 100, ¶39, 293 Wis. 2d 594, 716 N.W.2d 906.

¶12    If a motion establishes a prima facie violation of a court mandated duty and makes the requisite allegations, "the court must hold a postconviction evidentiary hearing[.]" *Brown*, 293 Wis. 2d 594, ¶40. At the evidentiary hearing, the burden shifts to the State "to show by clear and convincing evidence that the … plea was knowing, intelligent, and voluntary despite the identified inadequacy of the plea colloquy." *Id.*

¶13    Whether a parent has presented a prima facie case by pointing to a deficiency in the plea colloquy and has sufficiently alleged that he or she did not know or understand information that should have been provided is a question of law that we review *de novo*. *Therese S.*, 314 Wis. 2d 493, ¶7.

¶14    At issue in this case is the first step of the *Bangert* analysis. B.W. contends that he has made a prima facie showing entitling him to an evidentiary hearing. In response, the State and Guardian ad Litem (GAL) contend that B.W. failed to make a prima facie showing that the court violated its mandatory duties when it accepted B.W.'s plea. I agree with the State and GAL.

¶15    As a preliminary matter, pursuant to WIS. STAT. § 48.426(2), the "best interests of the child shall be the prevailing factor considered by the court in determining the disposition" in a termination of parental rights case. The plain language of the statute does not set a burden of proof.

¶16    B.W. contends that the circuit court here incorrectly informed him at the dispositional hearing that "the State would have to demonstrate by 'clear, convincing and satisfactory evidence to a reasonable certainty' that termination of B.W.'s rights was appropriate." While it is true that B.W. was misadvised during the adjourned initial appearance on the petition regarding the standard at a dispositional hearing, the circuit court did not misadvise B.W. at the plea hearing.

¶17    At the plea hearing, the circuit court stated that:

> THE COURT: Now, that does not mean you're giving up your trial rights to the second half of the case. <u>And that's what we call disposition. And at that hearing, the [c]ourt would have to decide if it's in the child's best interest to actually terminate your parental rights.</u> Does that make sense?
>
> B.W.: Yes, ma'am.
>
> THE COURT: And at all those same trial rights then you would have again [sic] in that second half, it's just a trial to the Judge in that second half. Does that match your understanding?
>
> B.W.: Yes.

(Emphasis added.) Subsequently, the court stated:

> THE COURT: Now, assuming I accept your no contest plea as knowing, intelligent, and voluntary, I will then take some brief testimony to make sure there's a[] factual basis for it. And then by statute I will be required to find you unfit as a parent as to [Bob]. Do you understand I'll have to make that finding?
>
> B.W.: Yes.

7

> THE COURT: However, if I do not terminate your parental rights, <u>if I do not find that to be in [Bob's] best interest, the termination of parental rights petition will be dismissed</u>, and that unfitness finding will be reversed or vacated, okay?
>
> B.W.: Yes, ma'am.
>
> THE COURT: Now, at that second half of the case, the disposition, I basically have two choices. <u>Either I find it's in [Bob's] best interest to terminate your parental rights, and I do so. Or I do not find that, and I dismiss the TPR petition.</u> Does that make sense?
>
> B.W.: Yes, ma'am.

(Emphasis added.) Thus, the record reflects that the circuit court did not advise B.W. during the plea hearing that the State would have to demonstrate by clear, convincing, and satisfactory evidence that termination of B.W.'s rights was appropriate at the dispositional hearing. Rather, the circuit court simply advised B.W. that the court would have to decide whether it was in the child's best interest to terminate B.W.'s rights. This complies with the statutory requirement set forth in WIS. STAT. § 48.426(2).

¶18    In support of his argument, B.W. points to the circuit court's discussion of the grounds phase during the plea colloquy:

> THE COURT: <u>But either way, it's the State's burden to prove by clear, convincing, and satisfactory evidence to a reasonable certainty that the grounds exist.</u> And the State would try to do that by calling witnesses to the stand. They would testify under oath. You would have a right to cross-examine them, and the right to introduce your own evidence. The right to use subpoenas to require witnesses to come to court and testify for you. Also the right to testify yourself or remain silent knowing silence can be used against you. Do you understand that by pleading no contest you're giving up all those trial rights to the first half of the case?
>
> B.W.: Yes, ma'am.

(Emphasis added.) B.W. then notes that the court later stated that "all those same trial rights then you would have again [sic] in that second half."

¶19 At no point, however, did the circuit court describe the State's burden in the grounds phase as a "right." The court stated that B.W. "would have a right to cross-examine [witnesses]," "the right to introduce your own evidence," "the right to use subpoenas," and "the right to testify yourself or remain silent." As a result, based on the record, I am not persuaded that the circuit court misadvised B.W. during the plea colloquy regarding the standard that would be applied at the dispositional hearing.

¶20 B.W. also relies on *State v. A.G.* (*A.G. I*), No. 2021AP1476, unpublished slip op. (WI App Feb. 15, 2022), where this court remanded for an evidentiary hearing in part because the circuit court improperly explained the standard that would apply at the dispositional hearing.[4] *A.G. I*, however, is distinguishable. In *A.G. I*, the circuit court expressly informed the parent that he had a "whole bunch" of rights in the grounds phase including "the right to force the State to prove the grounds by clear, convincing, and satisfactory evidence to a reasonable certainty" and later told the parent that he would "have all those same

---

[4] After *State v. A.G.* (*A.G. I*), No. 2021AP1476, unpublished slip op. (WI App Feb. 15, 2022), was remanded for an evidentiary hearing, the case returned to this court and plea withdrawal was granted. *See State v. A.G.* (*A.G. II*), 2022AP652, unpublished slip op. (WI App July 12, 2022). Subsequently, while B.W.'s appeal was pending, the supreme court granted review in *A.G. II*, and this court stayed B.W.'s appeal. After the supreme court decision in *A.G. II* was released, *see id.*, 2023 WI 61, 408 Wis. 2d 413, 992 N.W.2d 75, this court ordered the parties to address what, if any, impact the supreme court decision had on this case. Based on my review of the supreme court decision and the supplemental briefs filed in this matter, I conclude that the supreme court decision is not relevant as it does not resolve the issue presented in this case. The lead opinion assumed, but did not decide, that the parent established a prima facie case. *See id.*, ¶¶21, 32 n.5. Accordingly, because this case analyzes whether B.W. has established a prima facie case, I do not address *A.G. II* further and focus instead on *A.G. I*.

9

trial rights today for that second half." *See id.*, ¶17. In contrast, here, as stated above, the circuit court never referred to the clear and convincing standard as a "trial right." Accordingly, I do not find B.W.'s reliance on *A.G. I* persuasive.

¶21 Therefore, I agree with the circuit court that B.W. failed to meet his prima facie burden and is not entitled to an evidentiary hearing.

## II. Dispositional Hearing

¶22 A circuit court's decision to terminate a parent's rights is discretionary. *Gerald O. v. Cindy R.*, 203 Wis. 2d 148, 152, 551 N.W.2d 855 (Ct. App. 1996). "A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated rational process reaches a conclusion that a reasonable judge could reach." *Dane Cnty. DHS v. Mable K.*, 2013 WI 28, ¶39, 346 Wis. 2d 396, 828 N.W.2d 198.

¶23 When deciding whether termination is warranted, a circuit court "shall consider," but is not limited to, the following factors:

> (a) The likelihood of the child's adoption after termination.
>
> (b) The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
>
> (c) Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
>
> (d) The wishes of the child.
>
> (e) The duration of the separation of the parent from the child.
>
> (f) Whether the child will be able to enter into a more stable and permanent family relationship as a result of the

> termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

WIS. STAT. § 48.426(3).

¶24 B.W. contends that the circuit court "inadequately considered whether severance of [B.W.'s and Bob's] relationship would be harmful" at the dispositional hearing.

¶25 At the dispositional hearing, the circuit court discussed D.D.'s testimony that she would continue to allow B.W. to have contact with Bob if B.W.'s parental rights were terminated. The court stated:

> And given that you and [D.D.] have a child in common, you guys already coparent, I'm trusting that you guys will continue to do so. And as you continue with your stability and sobriety, the further you get into that, the safer you'll be for overnight visits, for really meaningfully coparenting even if the legal relationship is severed, and I found [D.D.'s] testimony to be credible that she would do that.

Later in the court's remarks, the court stated that Bob had "a substantial relationship" with B.W. The court, however, stated that any harm from severing the legal relationship "will be mitigated by the coparenting circumstances … just described."

¶26 B.W. argues that the circuit court failed to consider that D.D.'s testimony that she would allow for continued contact was an unenforceable promise and did not address the impact if the contact were to stop.

¶27 As B.W. acknowledges, in *State v. Margaret H.*, 2000 WI 42, ¶29, 234 Wis. 2d 606, 610 N.W.2d 475, our supreme court specifically stated that a circuit court may consider an adoptive resource's promise to continue to allow visitation. *Margaret H.*, however, does not impose any requirement that a circuit

11

court specifically declare on the record that the promise is unenforceable. Rather, *Margaret H.* only states that if the circuit court considers such a promise, the court needs to "[bear] in mind that such promises are legally unenforceable once the termination and subsequent adoption are complete." *Id.*, ¶30. B.W. does not identify any language in the record indicating that the circuit court incorrectly believed that D.D.'s promise was legally enforceable.

¶28  In addition, B.W. contends that the circuit court mischaracterized what would happen after termination as "co[]parenting." B.W. observes that the termination of parental rights results in "a legal severance of the relationship" and a parent does not have any authority to make any parental decisions. The record, however, does not reflect that the court was using the term "coparenting" in the legal sense. The court specifically referenced severing the legal relationship. Thus, I reject B.W.'s arguments and conclude that the circuit court properly exercised its discretion at the dispositional hearing.

¶29  Therefore, in sum, for all of the reasons stated above, I affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.